**E-FILED**
Wednesday, 28 May, 2008  08:44:35 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KIM NOLTE, SHERRY LEWIS, and | ) | |
| THERESA LEWIS, as representatives of | ) | |
| a class of similarly situated persons, | ) | |
| and on behalf of the CIGNA 401(k) Plan, | ) | 07-2046 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIGNA CORPORATION, JOHN ARKO, | ) | |
| and THE CORPORATE BENEFIT PLAN | ) | |
| COMMITTEE OF CIGNA, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

The plaintiffs bring this case pursuant to the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(2)-(3), claiming a breach of fiduciary duty.  The two-count complaint alleges that their employer, CIGNA Corporation, CIGNA's 401(k) Plan, and Plan Administrator John Arko, engaged in self-interested transactions, provided investment options that charged unreasonable and excessive fees and expenses that were not disclosed to Plan participants, and used Plan assets and fees to drive the profitable sale of CIGNA's retirement business.

An amended complaint has been filed and the defendants have responded with a motion for summary judgment.  The plaintiffs have filed a response, the defendants have filed a reply, and the parties have filed several notices of supplemental authority.  The parties direct the court's attention to *Hecker v. Deere & Co.*, 496 F. Supp. 2d 967 (W.D. Wis. 2006), which was dismissed by the district court.[1]  The supplemental authority includes the district court's subsequent unpublished order denying a motion for reconsideration [29], the United States Secretary of Labor's Amicus Curiae Brief supporting reversal on appeal [33], and the Amici Curiae Brief of The ERISA Industry Committee, the National Association of Manufacturers, and the American Benefits Council supporting the district court's decision [34].

Some of the issues in the instant case overlap the issues on appeal in *Hecker*, particularly the payment and non-disclosure of fees and the applicability of a safe-harbor defense for selection of certain investment options.  In its order denying reconsideration, the district court

---

[1] The case is now on appeal before the Seventh Circuit.

stated, "There is no controlling law on the question in the Seventh Circuit.  Two competing points of view are represented in decisions of the Third, Fourth and Fifth Circuits."  *Hecker*, 06-C-719-S, at 10 (Memorandum and Order, Oct. 19, 2007).  The district court believed the approach of the Third and Fifth Circuits to be the "better reasoned view[.]"

The Seventh Circuit's decision in *Hecker* will have some bearing on the issues in this case.  Until the Seventh Circuit weighs in on the issue, a ruling on the pending motion for summary judgment is premature.

The court does not favor piecemeal litigation.  Consequently, this case is stayed pending the Seventh Circuit's decision in *Hecker*.  The parties are to file a joint notice of supplemental authority within ten days after the Seventh Circuit rules on *Hecker*.  This court will then establish a new briefing schedule so the parties may supplement their arguments with Seventh Circuit authority.

Entered this 28th day of May, 2008.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE