UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KIM NOLTE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Cause No:  2:07-CV-2046-HAB-DGB |
| ) | |
| CIGNA CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO STAY RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PENDING RESOLUTION OF PETITION FOR REHEARING IN *HECKER V. DEERE***

Plaintiffs request that the Court stay any ruling on Defendants' Motion for Summary Judgment until resolution of the Petition for Panel Rehearing and Rehearing *En Banc* in *Hecker v. Deere*, No. 07-3605 and 08-1224 (7th Cir.). In support of this Motion, Plaintiffs state:

1. Defendants filed their Motion for Summary Judgment on September 10, 2007 (Doc. 19), to which Plaintiffs filed their opposition on October 5, 2007 (Doc. 27), followed by Defendants' Reply on October 19, 2007 (Doc. 28).

2. On May 28, 2008, the Court stayed the proceedings, prior to ruling on Defendants' Motion for Summary Judgment, pending the Seventh Circuit's decision in *Hecker v. Deere.*  Doc. 34.

3. The Seventh Circuit decided *Hecker* on February 12, 2009, and the parties filed their joint notice of the decision and requested a schedule for supplemental briefing on the pending summary judgment motion. Doc. 36. Under the current schedule, Plaintiffs filed their "Combined Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment and Response to Defendants' Supplemental Memorandum in Support of Their Motion for Summary Judgment

Discussing the Impact of *Hecker v. Deere & Co.*" on April 8, 2009 with responses due April 22, 2009.

4. Defendants' supplemental brief relies heavily on *Hecker* in claiming entitlement to summary judgment on certain of Plaintiffs' claims. Doc. 38.

5. However, as Plaintiffs will explain more fully in their brief, Plaintiffs' claims in this case have nothing in common with *Hecker*. For example, Plaintiffs allege that Defendants engaged in self-dealing, conflicts of interest and prohibited transactions and improperly using Plan assets to profit CIGNA, the Plan Sponsor. The *Hecker* court did not address any of these issues. Doc. 38 at 4. Nevertheless, if the Court accepts Defendants' position that *Hecker* has any bearing on the claims here, it would not be an efficient use of the Court's resources to issue any ruling now, when an imminent decision by the Seventh Circuit on the Petition for Rehearing may impact the proceedings here.

6. The *Hecker* Appellants-Plaintiffs filed their Petition for Rehearing on March 9. *Hecker*, Dkt. No. 77. The Seventh Circuit ordered Defendants to answer to the Petition, which they did on April 6. Dkt. Nos. 87, 89-90.

7. The court also accepted three *Amicus Curiae* briefs in support of the Petition, from the Secretary of Labor; a group of *amici* law professors who are ERISA or mutual fund scholars; and a brief filed by the AARP, the Consumer Federation of America, the National Senior Citizens Law Center, the Pension Rights Center, and Fund Democracy, Inc. Dkt. Nos. 82-85.

8. Moreover, the United States Supreme Court has granted a writ of certiorari in *Jones v. Harris Assoc.*, *L.P.*, 537 F.3d 728 (7th Cir. 2008), *cert. granted*, ---S.Ct.---, 2009 WL 578699 (March 9, 2009) (No. 08-586). The Seventh Circuit in *Jones* held that a mutual fund

investment adviser did not violate its fiduciary duty because the mutual fund market is sufficiently competitive to ensure that fees are not excessive. *Jones*, 527 F.3d at 631-32. Similarly, in *Hecker*, the court held that because the plan's brokerage window provided access to the public market for mutual funds, such fees were necessarily reasonable. *Hecker*, 556 F.3d at 586. Thus, the Supreme Court's forthcoming decision in *Jones* will presumably determine whether the mutual fund industry is competitive and could impact *Hecker*.[1]

9. Because a decision from the Seventh Circuit on the Petition for Rehearing will be forthcoming, Plaintiffs submit that the Court should temporarily stay a ruling on Defendants' Motion for Summary Judgment, to avoid a possible waste of judicial resources in the event the Petition would have an impact on this case.

For the foregoing reasons, Plaintiffs request that the Court stay any ruling on Defendants' Motion for Summary Judgment until resolution of the *Hecker* Petition for Rehearing, or any proceedings thereafter.

        Respectfully submitted,

        SCHLICHTER, BOGARD & DENTON

        By: /s/ Daniel V. Conlisk
        Jerome J. Schlichter
        Nelson Wolff
        Daniel V. Conlisk
        Heather Lea
        100 S. Fourth St., Suite 900
        St. Louis, Missouri 63102
        (314) 621-6115
        (314) 621-7151 (Fax)
        dconlisk@uselaws.com
        hlea@uselaws.com

---

[1] In fact, Professor Birdthistle, author of the *amicus* brief by the law professors and an *amicus* brief in the Supreme Court in *Jones* as well, notes the possibility that even if the Seventh Circuit declines rehearing, *Hecker* may be joined with *Jones* at the Supreme Court, given the similarity of underlying issues. *See* http://www.theconglomerate.org/2009/03/the-seventh-circuit-mutual-funds-again.html (visited April 6, 2009).

                                Belleville Illinois Office
                                120 West Main Street, Ste. 208
                                Belleville, IL  62220

## CERTIFICATE OF SERVICE

      I hereby certify that on April 9, 2009, I filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Sari M. Alamuddin
James E. Bayles, Jr.
MORGAN LEWIS & BOCKIUS, LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL  60601

Joseph J. Costello
Morgan Lewis & Bockius, LLP
1701 Market St.
Philadelphia, PA  19103

                                s/ Daniel V. Conlisk