UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KIM NOLTE, *et al.*, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>CIGNA CORPORATION, *et al.*, )<br>)<br>Defendants. ) | Cause No: 2:07-CV-02046-HAB-DGB |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
<u>**MOTION FOR LEAVE TO AMEND**</u>

Pursuant to Rule 15(a), Plaintiffs seek leave to file a Third Amended Complaint that (1) adds Prudential Retirement Insurance and Annuity Company ("PRIAC") as a Defendant; (2) adds allegations of fiduciary breaches and prohibited transactions against PRIAC; (3) identifies the current corporate name of Defendant TimesSquare Capital Management, Inc. ("TimesSquare") and adds CIGNA Investments, Inc. as a Defendant; and, (4) adds further factual support of fiduciary breaches and prohibited transactions previously alleged against the current Defendants.

On August 27, 2009, Plaintiffs filed the Second Amended Complaint, after the Court granted leave to do so. Even though the case had been filed nearly two and half years earlier, the case remained at the initial pleadings stage with no discovery having commenced. On October 26, 2009, Defendants answered the Second Amended Complaint. On March 15, 2010, Defendants began substantial production of discovery and also on March 15, Defendants served their Answers and Objections to Plaintiffs' First Set of Interrogatories. Thus, only for the last

approximately six weeks have Plaintiffs had the benefit of any factual discovery.[1] During that time, Plaintiffs have implemented a rigorous and substantial review process of the over one hundred thousand pages produced thus far. Based upon that review, Plaintiffs have now learned essential facts that were not previously available to them. Accordingly, Plaintiffs now seek leave to file the Third Amended Complaint as none of the *Foman*[2] factors are present that would deviate from the announced standard in Rule 15(a) that amendment should be freely given when justice so requires.

I.  **Memorandum in Support of Motion for Leave to File Second Amended Complaint**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs move for leave to amend their Complaint. Plaintiffs' Third Amended Complaint is attached as Exhibit A.

A.  **Plaintiffs' Amendment Falls Well Within Rule 15's Liberal Standard.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be "freely given when justice so requires." As the United States Supreme Court has explained, a plaintiff's motion for leave to amend should be granted "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment… " *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Seventh Circuit has emphasized that Rule 15(a) imposes a broad and liberal standard in favor of amendment and a narrow, restrictive standard as to when such leave must be denied. *See Austin v. House of Vision, Inc.*, 385 F.2d 171, 173 (7th Cir. 1967) (vacating dismissal and instructing district court to grant leave to file second amended

---

[1] As this Court is aware, Defendants have heavily and improperly redacted documents responsive to Plaintiffs' discovery. This matter is presently pending before the Court.
[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962)

complaint); *Bisciglia v. Kenosha Unified Sch. Dist. No.*, 45 F.3d 223, 230 (7th Cir. 1995) (reversing the denial of leave to amend because the record was not clear that the plaintiff could state no set of facts upon which relief could be granted).

Under Rule 15's liberal approach to granting leave to amend, Plaintiffs' instant motion should be granted. Plaintiffs filed this action on February 27, 2007. Doc. 1. On May 28, 2008 and again on April 9, 2009, the case was stayed before meaningful discovery could begin, pending the appeal of *Hecker v. Deere & Co.,* 496 F.Supp.2d 967 (W.D.Wis. 2007); *affirmed at* 556 F.3d 575 (7th Cir. 2009)("*Hecker I*"); *reh'g denied* 569 F.3d 708 (7th Cir. 2009)("*Hecker II*"). Doc 35; Text Order of Apr. 9, 2009. On August 26, 2009, Plaintiffs moved to have the stay lifted and to file an amended complaint. On August 27, 2009, the Court granted leave to file the Second Amended Complaint. Text Order of Aug. 27, 2009. The same day, Plaintiffs filed the Second Amended Complaint. Doc. 48.

On October 26, 2009, Defendants answered the Second Amended Complaint ("Answer"). Doc. 56. Pursuant to the Court's Case Management Order, the parties' production of documents under Fed. R. Civ. P. 34 was to be completed no later than March 15, 2010. Doc. 64. On March 15, 2010, Defendants finally <u>began</u> their substantial production of documents responsive to Plaintiffs' First Set of Requests for Production of Documents. Also on March 15, 2009, Defendants served their Answers and Objections to Plaintiffs' First Set of Interrogatories. Since that time, Defendants have also made a number of additional productions of documents, which they characterize as supplemental, but that should have been produced prior to March 15, 2010.

Plaintiffs have also been forced to file numerous motions to compel further discovery because of Defendants' inappropriate withholding of responsive discovery. On March 26, 2010, Plaintiffs filed an emergency motion to compel production of documents Defendants improperly

redacted, which rendered the documents unreadable and completely void of context. Doc. 70. The emergency motion also sought the production of responsive documents withheld because Defendants failed to properly search for them. *Id*. On April 16, 2010, Plaintiffs filed an additional motion to compel allegedly privileged documents withheld from production, which are subject to the fiduciary exception as recognized by the Seventh Circuit. Doc. 75.

Prior to receiving Defendants' Answer, documents, and interrogatory responses, Plaintiffs did not know, and could not have known (1) the significant fiduciary role played by PRIAC to the CIGNA 401(k) Plan (the "Plan"); (2) the breaches of fiduciary duty and prohibited transactions involving PRIAC; (3) the convoluted corporate succession of TimesSquare to CIGNA Investments, Inc.; and (4) the additional further factual details supporting the fiduciary breaches and prohibited transactions previously alleged against the current Defendants.

1. *PRIAC Is a Fiduciary to the Plan*

In the proposed Third Amended Complaint, Plaintiffs allege that PRIAC:

> [I]s a Plan fiduciary and has acknowledged that it is a Plan fiduciary with respect to the operation of the Plan's separate account investment options, including the institutionally managed funds. PRIAC was and continues to be responsible for the selection, monitoring, and removal of investment advisers to manage the assets of the Plan, and has continuously exercised this discretionary authority and control since 2004. PRIAC was and continues to be responsible for the selection and monitoring of Plan investment options, and has continuously exercised this discretionary authority and control since 2004.

Exhibit A, at ¶ 33. PRIAC's fiduciary role to the Plan cannot be disputed and Plaintiffs should be allowed to amend the complaint and add them as a Defendant. Prior to receiving Defendants' interrogatory responses and document discovery, Plaintiffs did not know, and could not have known, of PRIAC's intimate fiduciary role to the Plan and the extent to which CIGNA relied upon PRIAC in functioning in this role. Although Defendants listed two PRIAC employees as "likely to have discoverable information" in their Amended Rule 26(a)(1) Initial Disclosures

4

served on November 23, 2009, their fiduciary role was not acknowledged. Plaintiffs' first learned of PRIAC's role and the CIGNA's reliance on them when they reviewed a copy of the Administrative Services Agreement provided by Prudential Retirement Insurance and Annuity Company for the CIGNA Plans (the "Agreement"). Attached hereto as Exhibit B. The Agreement reads: "PRIAC acknowledges it is a 'fiduciary' within the meaning of the Employee Retirement [Income] Security Act of 1974, as amended, ('ERISA') with respect to the Institutional and Alliance Separate Accounts." *Id*., at CIGNA0000049427. This fiduciary status was also acknowledged in "Investment Reviews" as prepared by PRIAC and provided quarterly to the other Plan fiduciaries. *See, e.g.* First Quarter 2005 Investment Review, attached hereto as Exhibit C, at CIGNA0000111471. The extent of CIGNA's reliance on PRIAC was also discovered in documents such as committee meeting minutes and email communications, all unavailable to Plaintiffs prior to Defendants' document production. Finally, on March 15, 2010, the current Defendants acknowledged that PRIAC is a fiduciary to the Plans in their answer to Interrogatory Number Three. Defendants' Answers and Objections to Plaintiffs' First Set of Interrogatories, attached hereto as Exhibit D, at 7.

2. *As a fiduciary, PRIAC is Liable for the Fiduciary Breaches Committed Against Plan Participants*

As a fiduciary, PRIAC has committed numerous breaches of their fiduciary duties, as well as, prohibited transactions under ERISA. Count VI alleges that PRIAC is liable under ERISA § 404(a), 29 U.S.C. §1104(a), for breach of the duties of prudence and loyalty, for unreasonable record keeping and administrative fees charged to Plan participants and received by PRIAC. Count VII alleges that PRIAC is liable under ERISA § 404(a) for breach of the duties of prudence and loyalty, for the selection of excessively-priced and imprudent investment

options, as well as the receipt of excessive management fees. PRIAC has also been added to Counts VIII and IX previously alleged against the current Defendants, for prohibited transactions under ERISA § 406(a), 29 U.S.C. § 1106(a), and ERISA § 406(b), 29 U.S.C. § 1106(b), respectively. As demonstrated in the Administrative Services Agreement, PRIAC negotiated in one document its compensation for not only the Plan but also CIGNA's corporate plans including the pension plan, the deferred compensation plan, and non-qualified plans. This compensation arrangement demonstrates that PRIAC received excessive fees from the Plan and in exchange, provided CIGNA with heavily discounted and/or free corporate services for the corporate plans.

3.  *Defendants TimesSquare Capital Management Inc. is now known as CIGNA Investments, Inc.*

In Plaintiffs' Second Amended Complaint, TimesSquare was added as a defendant. Doc. 48, at 1, 5-6. Plaintiffs alleged that "TimesSquare is a Plan fiduciary in that it was the investment manager/advisor to the Plan's Fixed Income Fund, the S&P 500 Index Fund, High Yield Bond Fund and the Small Cap Growth/TimesSquare Fund…" *Id.*, at 6. TimesSquare answered the complaint. Doc. 56, at 1. In their answer, TimesSquare acknowledged that they are now known as CIGNA Investments, Inc. *Id*. In response to Plaintiffs' Interrogatory Number 6, Defendants further illuminated TimesSquare's corporate succession:

> From January 11, 2000 through November 19, 2004, CIGNA Investments, Inc. was known as TimesSquare Capital Management, Inc. ("TCMI"). In 2004, TCMI changed its name to CIGNA Investment Advisors, Inc. until October 2, 2008 when its name was again changed and is currently CIGNA Investments, Inc.

Exhibit D, at 9.

Thus, Plaintiffs seek two related amendments in their Third Amended Complaint. First, Plaintiffs seek to acknowledge the current corporate name of TimesSquare as CIGNA

6

Investments, Inc. Second, Plaintiffs seek to add the entity CIGNA Investments, Inc. as a Defendant. This is necessary as Plaintiffs are still in the beginning stages of discovery and the complex corporate structure of CIGNA and its related entities will only become known after substantial discovery takes place.

    4. *Plaintiffs Recently Discovered Further Factual Details Supporting the Previous Allegations of Fiduciary Breaches and Prohibited Transactions Against Defendants*

Plaintiffs put forth no new counts in the Third Amended Complaint against the current Defendants. Instead, Plaintiffs have simply added further factual details and claims supporting the previously alleged fiduciary breaches and prohibited transactions. *See e.g.*, Exhibit A at ¶¶ 73, 74, 214.

  B. **Plaintiffs Should Be Granted Leave to Amend Under the *Foman* Factors**

The liberal standard set out in Rule 15 may be tightened only in limited circumstances where: (1) the plaintiff has unduly delayed seeking leave to amend; (2) the plaintiff's request is made in bad faith or with a dilatory motive; (3) the plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed; (4) the amendment would cause undue prejudice to the opposing party; or (5) the effort to amend is futile. *Foman*, 371 U.S. at 182. None of these factors apply here.

    1. **Plaintiffs Have Not Delayed in Seeking Leave.**

Plaintiffs have not delayed seeking leave to amend. Rather, upon learning of the necessity to amend the complaint, Plaintiffs have moved with all deliberate speed. Substantial discovery in this case only commenced on March 15, 2010, the date the Court set for documents

7

discovery <u>closure</u>.  Approximately six weeks later, Plaintiffs now seek leave to amend the complaint.

The fiduciary role of PRIAC was not provided in any previous briefing by Defendants nor in their Answer to the Second Amended Complaint. Upon receiving documents from Defendants, Plaintiffs implemented a rigorous and substantial review process. Only then, did Plaintiffs first learn of PRIAC's intimate and detailed fiduciary role.  Likewise, only after three years since this case was filed did Defendants finally and affirmatively acknowledge PRIAC's fiduciary role in the responses to Plaintiffs' interrogatories.  Thus, Plaintiffs have not delayed in seeking leave to add PRIAC as a Defendant.  "ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009); *See also Concha v. London*, 62 F.3d 1493, 1504 (9th Cir 1995) ("[T]he circumstances surrounding alleged breaches of fiduciary duty may frequently defy particularized identification at the pleading stage. Where a fiduciary exercises discretionary control over a plan, and assumes the responsibilities that this control entails, the victim of his misconduct often will not, at the time he files his complaint, be in a position to describe with particularity the events constituting the alleged misconduct. These facts will frequently be in the exclusive possession of the breaching fiduciary.")

The corporate succession inner details of TimesSquare were also not available to Plaintiffs prior to filing the Second Amended Complaint.  Defendants' admissions in their response to Plaintiffs' Interrogatory Number 6, that necessitates the amendments in the Third Amended Complaint, was only served on March 15, 2010. Thus, Plaintiffs have not delayed in seeking leave for the amendments related to TimesSquare.

Finally, the amendments are necessary because of the further factual details supporting the previously alleged fiduciary breaches and prohibited transactions from Defendants' recent document productions, by definition, cannot be considered unduly delayed.  The documents containing the further factual details have just recently been produced.

Indeed, these documents reveal, among other things, for example, that as early as year 2000, CIGNA acknowledged that "…the DOL could claim that that we have exceptionally high charges we pass completely to participants compared to like plans with assets in [the Plan's] range of $1.5 billion or more." May 16, 2000 Email from David W. Durham to Robert W. Steele, attached hereto as Exhibit E, at CIGNA0000118889.

2. **Plaintiffs Make This Request In Good Faith With No Desire to Delay.**

In *Cohn v. Taco Bell Corp.,* the court held that "where the proposed causes of action are related to the claims contained in the initial complaint, and where the need to amend did not become apparent until after some discovery is completed, the general rule is to allow the movant to amend its complaint." 1993 WL 390176 at *3 (N.D. Ill. Oct. 1, 1993); *see also Lanigan v. LaSalle Nat. Bank,* 108 F.R.D. 660, 663 (N.D.Ill. 1985) ("It is not uncommon that facts disclosed in discovery lead to new claims, and courts may properly allow the plaintiff to amend the complaint in light of this new information.").  As demonstrated above, this is precisely the situation in this case.

3. **Plaintiffs Have Not Failed to Cure Deficiencies By Previous Amendments.**

As stated above, Plaintiffs' amendments are based on recently produced discovery since the Second Amended Complaint was filed.  Plaintiffs could not seek leave to supplement and refine their allegations and causes of action and to add defendants before now.

9

4. **The Amendment Would Not Prejudice Defendants**

"Prejudice is the most significant factor that weighs against the permissive policy toward amendments, and determining whether prejudice warrants denying leave to amend involves balancing the interests of the parties." *Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.,* 2006 WL 1895731 at *2 (N.D. Ill. July 6, 2006). Within the Seventh Circuit, courts have focused on whether the opposing party would be unduly prejudiced as the key factor in deciding whether to grant a motion to amend. *See, e.g., Eades v. Thompson,* 823 F.2d 1055, 1063 (7th Cir. 1987); *Vardon Golf Co., Inc. v. Supreme Golf Sales, Inc.,* 741 F. Supp. 152, 154 (N.D. Ill.1990)*; In re Ameritech Corp.,* 188 F.R.D. 280, 283 (N.D. Ill. 1999). The risk of prejudice is minimal where the proposed new allegations arise out of the same facts and circumstances as those in the original Complaint. *See Lanigan,* 108 F.R.D. at 663. The risk is reduced even more where, as here, Plaintiffs are seeking the same remedies as relief in the proposed Third Amended Complaint as in the previous Complaint.

Granting Plaintiffs' Motion will not prejudice Defendants. No new counts have been added against the existing Defendants who previously answered the Second Amended Complaint, and the further factual support to the previously alleged fiduciary breaches and prohibited transactions only enhances Defendants' notice of those claims. The addition of PRIAC as a Defendant cannot be prejudicial to the current Defendants as they apparently have been aware of PRIAC's fiduciary role since at least 2005, well before this case was first filed. Likewise, Defendants have been aware of the proper corporate succession of TimesSquare and cannot claim surprise. Accordingly, no prejudice is present.

In balancing the interests of the parties, Defendants will not be unduly prejudiced. However, not granting Plaintiffs leave to amend their Complaint would substantially and unfairly

prejudice Plaintiffs. The facts that necessitate these amendments could not have been previously known and only came from Defendants' recent document productions. While Defendants may argue that this case has been pending for over three years, the Court is well aware its unusual procedural history and recognized this in granting leave to file the Second Amended Complaint. The justification for doing so then, is even more applicable now that discovery has happened. The alternative would be to turn Rule 15(a) on its head. *See Cohn*, 1993 WL 390176 at *3; *Lanigan,* 108 F.R.D. at 663.

### 5. **Plaintiffs' Proposed Amendments Would Not Be Futile.**

The proposed limited amendments that Plaintiffs seek leave to file are exactly the type envisioned by Rule 15(a). This remains essentially the same case, with essentially the same claims, against essentially the same Defendants. The amendments found in the Third Amended Complaint are based on the same allegations as the Second Amended Complaint, which was granted leave to be filed by this Court. The only thing that has changed is that Plaintiffs' finally had the opportunity to review Defendants' discovery, along with Defendants' recently served admissions and responses. This review has painted a fuller evidentiary picture of the complex claims alleged against the Defendants. Accordingly, Plaintiffs' proposed amendments are not futile.

Moreover, the denial of leave will substantially prejudice Plaintiffs. In particular, if leave is denied, Plaintiffs will have no alternative but to initiate a new cause of action against PRIAC for similar claims as presently asserted against the current CIGNA defendants. This duplicative litigation would be prejudicial to Plaintiffs not only in terms of the significant costs in advancing new litigation, but also the possibility of incomplete and/or inconsistent relief to the Plan.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' leave to amend, accept for filing the Third Amended Complaint attached as Exhibit A to this Motion, and grant whatever further relief the Court deems appropriate.

    Respectfully submitted,

By:   /s/ Troy A. Doles
Jerome J. Schlichter, 02488116
Troy A. Doles, 06242803
Heather Lea, 06276614
Mark G. Boyko, 06288036
120 West Main St., Suite 208
Belleville, Illinois 62220
and
100 S. Fourth St., Suite 900
St. Louis, Missouri 63102
Tel:   314-621-6115
Fax:   314-621-7151
Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

    I hereby certify that on May 7, 2010, I filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Sari M. Alamuddin
James E. Bayles, Jr.
MORGAN LEWIS & BOCKIUS, LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL  60601

Azeez Hayne
Joseph J. Costello
Morgan Lewis & Bockius, LLP
1701 Market St.
Philadelphia, PA  19103

                                                                                       /s/ Troy A. Doles