IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

KIM NOLTE, SHERRY LEWIS, and
THERESA MITCHELL, individually and as
representatives of a class of similarly situated
persons, and on behalf of the CIGNA 401(k)
plan,

                              Plaintiffs,

v.

CIGNA CORPORATION, JOHN ARKO,
THE CORPORATE BENEFIT PLAN
COMMITTEE OF CIGNA, CONNECTICUT
GENERAL LIFE INSURANCE COMPANY,
and TIMESSQUARE CAPITAL
MANAGEMENT, INC.

                              Defendants.

No. 2:07-cv-02046-HAB-DGB

Judge Harold A. Baker

Magistrate Judge David G. Bernthal

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
ENTRY OF PROTECTIVE ORDER WITH RESPECT TO THE DEPOSITION OF H.
EDWARD HANWAY**

## I.    INTRODUCTION

Plaintiffs are participants in the CIGNA Corporation 401(k) Plan (the "Plan"). In a variety of Counts, Plaintiffs allege that Defendants[1] violated ERISA by selecting unreasonably expensive investment options and service providers for the Plan. (Dkt. No. 48.) Plaintiffs have indicated that they intend to take the deposition of CIGNA Corporation's former Chief Executive Officer ("CEO"), President, and Chairman, H. Edward Hanway, in support of their claims. Plaintiffs know that Mr. Hanway was not directly involved in the administration of the Plan, and

---

[1] "Defendants" are CIGNA Corporation ("CIGNA"), John Arko, the Corporate Benefit Plan Committee of CIGNA, Connecticut General Life Insurance Company, and CIGNA Investments, Inc. (incorrectly identified as TimesSquare Capital Management, Inc.).

did not serve on any fiduciary committees connected with the Plan. Consequently, he did not participate in the selection or monitoring of the Plan investment options and service providers that are at issue in this case. To the extent Mr. Hanway has knowledge of the Plan, that knowledge is not unique and will be covered in more detail by other depositions. Therefore, Defendants now move this Court pursuant to Rule 26(c) for a Protective Order precluding Plaintiffs from taking the deposition of Mr. Hanway because Plaintiffs cannot meet their burden of showing that such an "apex" deposition is necessary.[2]

A party may not depose a corporation's current or former chief executive officer, president, chief operating officer, or other high-level executive unless the executive has "unique personal knowledge" of information relevant to the issues in the proceeding that cannot be obtained through a less burdensome source or method. Plaintiffs have not and cannot make this required showing with respect to Mr. Hanway. Mr. Hanway had no day-to-day or direct involvement in the administration of the Plan or any of the challenged fiduciary decisions. As such, Plaintiffs cannot demonstrate that Mr. Hanway has "unique personal knowledge" regarding the Plan that they could not obtain from other sources and/or using less burdensome methods. In fact, Defendants have not objected to Plaintiffs taking the depositions of certain executives who *did* have direct involvement in the selection and monitoring of the Plan investment options and service providers that are the focus of Plaintiffs' claims. Thus, the Court should grant Defendants' motion and enter an order precluding Plaintiffs from taking the deposition of Mr.

---

[2] There is another important defect in Plaintiffs' attempt to depose Mr. Hanway. Although Plaintiffs subpoenaed Mr. Hanway to testify, the subpoena was issued in this Court. Mr. Hanway cannot be compelled to appear for a deposition in Philadelphia from a subpoena issued in the Central District of Illinois. Mr. Hanway is outside the subpoena power of this Court. *See, e.g.*, Rule 45(a)(2) (requiring that a subpoena commanding attendance at a deposition be issued "from the court for the district where the deposition is to be taken"); *Robinson v. Morgan Stanley et al.*, No. 06 C 5158, 2010 WL 668657, at *1 (N.D. Ill. Feb. 24, 2010) (court quashed subpoena issued in Northern District of Illinois for deposition in Detroit, Michigan because only a district court in the Eastern District of Michigan could issue the subpoena). This defect alone is sufficient to preclude Plaintiffs from compelling Mr. Hanway's appearance at a deposition. Nonetheless, Defendants are filing this motion now to avoid unnecessary delay.

Hanway.

## II. BACKGROUND

Under the terms of the Plan, responsibility for administering the Plan and overseeing investments is delegated to the Plan's Corporate Benefit Plan Committee (the "CBPC") and Investment Review Group (the "IRG"). (Declaration of James Wolf ("Wolf Decl."), ¶ 4, attached hereto as Ex. A.) The CBPC, the named fiduciary of the Plan, has overall responsibility for administering CIGNA's benefit plans and managing plan assets. (Wolf Decl. ¶ 5; CIGNA 401(k) Plan Summary Plan Description and Prospectus Investment Choices dated June 3, 2008, at 51, attached hereto as Ex. B.) The CBPC delegated most of its responsibilities to the Plan Administrator and to the Investment Review Group. (Wolf Decl. ¶ 6.) The CBPC is responsible for adopting the Investment Policy Statement and approving the Plan's "investment fund asset matrix," the Plan's default investment option, and individual investment offerings. (Wolf Decl. ¶ 7; Ex. B at 51.) The IRG has responsibility for reviewing and recommending the Plan's investment matrix and individual investment fund offerings to the CBPC, and for monitoring investment fund performance. (Wolf Decl. ¶ 8; Ex. B at 51.)

In 2000, Mr. Hanway was named CEO, President, and Chairman of CIGNA. (Declaration of H. Edward Hanway ("Hanway Decl."), ¶ 2, attached hereto as Exhibit C.) He served in these positions during most of the Class Period. In these roles, Mr. Hanway had no involvement in the day-to-day administration of the Plan, such as selecting or monitoring investment options or Plan service providers. (Hanway Decl. ¶ 3.) He was not a member of the CBPC or IRG, did not attend meetings of the CBPC or IRG, and was not responsible for appointing members to the IRG. (Hanway Decl. ¶ 4.) Mr. Hanway did make and monitor appointments to the CBPC and periodically sign correspondence to participants, but those roles are not at issue in this litigation. (Hanway Decl. ¶ 5.)

## III. ARGUMENT

### A. Standard Of Review Of Request For An "Apex" Deposition

Courts recognize that "pretrial discovery by depositions and interrogatories has a significant potential for abuse." *Acuna v. Rudzinski*, No. 00 C 5635, 2001 WL 1467529, at * 5 (N.D. Ill. Nov. 16, 2001) (citing *Seattle Times Co. v. Rhineheart*, 467 U.S. 20, 34 (1984)). Attempts to depose high-ranking corporate executives often are nothing more than techniques designed to harass a corporate party, and "high level executives are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 205 F.R.D. 535, 536 (S.D. Ind. 2002). For these reasons, courts have held that the deposition of a high-ranking executive, someone at the "apex" of a corporation's hierarchy, may not be taken unless the opposing party has exhausted other, less intrusive discovery methods (such as the deposition of Rule 30(b)(6) witnesses or other lower-lever employees or serving interrogatories), and can show that the executive has unique or superior personal knowledge of discoverable information. *See, e.g., Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002) (district court did not abuse its discretion by refusing to compel deposition of corporation's vice president and controller where plaintiff failed to avail herself of other reasonable means of discovery, such as interrogatories); *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 483-84 (10th Cir. 1995) (deposition of president barred where president testified that he lacked personal knowledge of the facts and plaintiff failed to establish that information could not be obtained from other employees); *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 217 (6th Cir. 1989) (deposition of CEO barred where deponent had no knowledge of pertinent facts); *Rodriguez v. SLM Corp.*, No. 3:07C1866 (WWE), 2010 WL 1286989, at *2 (D. Conn. Mar. 26, 2010) (court quashed subpoenas seeking depositions of high level executives where plaintiffs failed to demonstrate

that executives possessed any information that could not be obtained from lower level employees or that they possessed "unique factual information and institutional knowledge necessary to the prosecution of this case"); *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512-13 (N.D. Ind. 2007) (protective order issued where president had no personal knowledge of the matter, the deposition would be unduly burdensome and oppressive, and plaintiff failed to pursue the information through less burdensome means); *Cardenas v. Prudential Ins. Co. of Am.*, Nos. 99-1421 (JRT/FLN), 99-1422 (JRT/FLN), 99-1736 (JRT/FLN), 2003 WL 21293757, at *1-2 (D. Minn. May 16, 2003) (court denied motion to compel the depositions of executives and found that "courts frequently restrict efforts to depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique knowledge pertinent to the issues in the case").

In order to demonstrate that an executive has unique knowledge, a party must do more than show that the executive has some knowledge of the events at issue or that the executive's name appears on some pertinent documents. *Abarca v. Merck & Co.*, No. 1:07cv0388 OWW DLB, 2009 U.S. Dist. LEXIS 71300, at *29 (E.D. Ca. Aug. 3, 2009). Rather, the executive's knowledge must be unique and different from the information provided by other witnesses. *Id.*[3] Plaintiffs cannot satisfy that standard here.

---

[3] The fact that Mr. Hanway is a former CIGNA executive is of no moment. "The standards that govern depositions of corporate executives apply with equal force to former executives." *Rodriguez*, 2010 WL 1286989, at *2; *Gauthier v. Union Pacific R.R. Co.*, No. 1:07-CV012 (TH/KFG), 2008 WL 2467016 (E.D. Tex. June 18, 2008) (granting motion to quash deposition of former chairman and CEO because plaintiffs had not attempted to obtain the information through less burdensome means); *Malletier v. Dooney & Burke, Inc.*, No. 04 Civ. 5316 RMB MHD, 2006 WL 3476735 (S.D.N.Y. Nov. 30, 2006) (precluding deposition of former general manager where the defendant failed to "show that [lower level witness] was unable to answer questions that [defendant] proposes to ask [former general manager]").

### B. Mr. Hanway Has No Unique Personal Knowledge Relevant To The Issues In This Case.

Plaintiffs cannot establish that Mr. Hanway has any "unique personal knowledge" relevant to the issues in this case. While Mr. Hanway was active in the management of CIGNA Corporation, he was not personally involved in the administration of the *Plan*. Like any chief executive, Mr. Hanway delegated the power to make many decisions to other managers and corporate officers. As such, Mr. Hanway had no direct involvement in the administration of the Plan, monitoring of the Plan's investments, or selection of the Plan's service providers. These matters were within the scope of authority delegated to others, including the CBPC, IRG, and Plan Administrator. Mr. Hanway was not a member of the CBPC or IRG, and did not attend their meetings.

To the extent that Mr. Hanway has any knowledge concerning the Plan, his knowledge is not unique. Plaintiffs have not pointed and cannot point to any evidence indicating that Mr. Hanway has any unique knowledge or, for that matter, any knowledge at all related to the claims and defenses at issue in this lawsuit. On the contrary, Plaintiffs have requested, and Defendants have agreed to, depositions of numerous other officials (*e.g.* the Plan Administrator and CBPC and IRG committee members) who were directly responsible for the administration of the Plan. Obviously, if the other witnesses will testify as to the administration of the Plan, the fees and expenses paid by the Plan to the various service providers, and the Plan investments, any knowledge Mr. Hanway may have regarding these topics would be nothing but cumulative and duplicative of the information provided by others.

Thus, Plaintiffs cannot establish, as is required, that Mr. Hanway had any unique personal knowledge of discoverable information relevant to their case. *See Blackward Properties, LLC v. Bank of Am.*, No. 09-CV-12598, 2010 WL 1141614, at *3 (E.D. Mich. Mar. 24, 2010) (court

noted that it has denied motions to compel depositions of high-level executives where there is no showing that the executives had "unique personal knowledge" of the facts); *Chick-Fil-A, Inc. v. CFT Development, LLC*, No. 5:07-cv-501-Oc-10GRJ, 2009 WL 928226, at *3 (M.D. Fla. Apr. 3, 2009) (motion to compel deposition of CEO denied where CEO had no unique or superior knowledge and where defendants obtained full and complete discovery from representatives already deposed); *Beesley v. Int'l Paper Co.*, No. 3:06-cv-000703-DRH-CJP (S.D. Ill. July 2, 2008) (court granted defendants' motion for protective order to preclude the deposition of the Chairman and CEO where it did not appear likely that he would "have any personal knowledge on any relevant issue"); *Cardenas*, 2003 WL 21293757, at *3-4 (depositions of high-level executives barred where plaintiff failed to establish that their knowledge of plaintiff's allegations is "unique"); *Harris v. Computer Assoc. Int'l, Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001) ("When a vice president can contribute nothing more than a lower level employee, good cause is shown to not take the deposition"); *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991) (when a party seeks to depose high-level decisionmakers who are removed from the daily subjects of the litigation, the party must demonstrate that the would-be deponent has 'unique personal knowledge' of the matter in issue). To require Mr. Hanway to be deposed under these circumstances would allow Plaintiffs to undertake unnecessary and irrelevant discovery, precisely the type of situation designed to be eliminated by Rule 26(c).

 C. **Plaintiffs Cannot Demonstrate That They Have Been Or Will Be Unable To Obtain All Relevant Information In A Less Burdensome Matter.**

In restricting the testimony of high-ranking officials with little or no unique personal knowledge of the facts of a case, courts often emphasize the possibility of obtaining the information through less intrusive methods of discovery such as depositions of other executives and interrogatories. *See, e.g., Patterson*, 281 F.3d at 681-82 (protective order precluding

7

deposition of high-ranking executive upheld where plaintiff refused "to avail herself of other reasonably available means of discovery"); *Gauthier*, 2008 WL 2467016, at *4 (motion to quash depositions of current and former executive officers granted where plaintiffs failed to show that they could not obtain the information sought by deposing a corporate representative under Rule 30(b)(6)); *Hughes v. General Motors Corp.*, 1974 WL 168899, at *1 (S.D.N.Y. June 18, 1974) ("No good cause exists to require defendant to submit its president for a deposition when it is clear that the information which plaintiff wants is available through other employees.").

Plaintiffs have requested, and Defendants have agreed to, numerous depositions of other company officials who were directly involved in the selection and monitoring of the Plan investment options and service providers that are at issue in this case. Those depositions will be proceeding over the next few weeks. Unless Plaintiffs can demonstrate that Mr. Hanway has any unique knowledge that they could not obtain from these other deponents or some other source, Plaintiffs should be precluded from taking Mr. Hanway's deposition.

## IV.  CONCLUSION

It is well established that a party may not depose the current or former CEO of a company unless the CEO has unique relevant knowledge that cannot be obtained from a less burdensome source or method. Here, there is no evidence that Mr. Hanway possesses any such unique knowledge. Furthermore, Defendants have agreed to the depositions of those witnesses selected by Plaintiffs who did have direct involvement in Plan administration. Thus, the Court should grant Defendants' motion and enter and order precluding Plaintiffs from deposing Mr. Hanway.

Dated: May 14, 2010

CIGNA CORPORATION, JOHN ARKO, THE CORPORATE BENEFIT PLAN COMMITTEE OF CIGNA, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, and TIMESSQUARE CAPITAL MANAGEMENT, INC.

By: s/ Azeez Hayne

Sari M. Alamuddin (ARDC # 06215689)
James E. Bayles, Jr. (ARDC # 06206547)
Kirsten A. Milton (ARDC # 06286124)
Attorneys for Defendants
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois  60601
Telephone: (312) 324-1000
Fax:  (312) 324-1001
Email: salamuddin@morganlewis.com
       jbayles@morganlewis.com
       kmilton@morganlewis.com

Joseph J. Costello (PA Bar # 44327)
Azeez Hayne (PA Bar # 88356
Attorney for Defendant
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 963-5000
Fax:  (215) 963-5001
Email: jcostello@morganlewis.com