**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| KIM NOLTE, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CIGNA CORPORATION, *et al.*, )<br>)<br>Defendants. ) | Cause No: 2:07-CV-2046-HAB-DGB |

**PLAINTIFFS' OPPOSITION TO PRUDENTIAL RETIREMENT
INSURANCE AND ANNUITY COMPANY'S MOTION FOR EXTENSION OF
TIME TO RESPOND TO THIRD AMENDED COMPLAINT**

Plaintiffs oppose Prudential Retirement Insurance and Annuity Company's ("PRIAC") Motion for Extension of Time to Respond to Third Amended Complaint ("Motion"). Doc. 119. Despite having been on notice of the allegations contained in Plaintiffs' Third Amended Complaint ("TAC") since May 7, 2010, PRIAC requests a total of almost three full months to file their answer to the TAC. Three months is an excessive amount of time and only meant to unnecessarily delay these proceedings. For this reason and as explained in more detail below, PRIAC's Motion should be denied.

1.  Given discovery problems with CIGNA Defendants that are well documented before this Court, on April 22, 2010, Plaintiffs served a subpoena for documents and testimony on PRIAC.

2.  On May 7, 2010, PRIAC and their counsel of record herein improperly refused to produce <u>any</u> documents plainly responsive to the subpoena based on the understanding that Plaintiffs were in the process of filing a motion with this Court that would seek leave to amend their Second Amended Complaint to include, among other things, PRIAC as a named defendant.

1

3.      On May 7, 2010, Plaintiffs filed their Motion for Leave to File Third Amended Complaint.  As required, Plaintiffs attached a copy of the proposed TAC to their motion. Accordingly, since May 7, 2010, PRIAC and its attorneys have had access to the TAC.

4.      On June 8, 2010, this Court granted Plaintiffs' motion for leave to file the TAC. Specifically, the Court stated the following:

> THE COURT: 86 and 101. And then there is a motion for leave to file the third amended complaint. I am going to allow that. The whole purpose of notice pleading is the exchange of information and the formation of issues. And a case like this which has some complexity to it goes forward and more information is exchanged, more issues will emerge. Now, on that, defense counsel, you are required to answer the complaint, the third-amended complaint. I am not going to go through another round of motions and everything else. You can raise every defense in your answer as you well know under federal pleading in the answer. So docket entry 87, the motion to allow a third-amended complaint is allowed and the defendants are required to answer within thirty days, instead of the statutory time, thirty days and must answer. (emphasis added).

*See* Doc. 113 at pp. 13-14.

5.      Further, in its written Order dated June 8, 2010, the Court ruled as follows with respect to the TAC:

> Motion for leave to file a third amended complaint [87]. The plaintiffs shall file the third amended complaint within two days of the date of this order. The defendants shall file their answer within 30 days thereafter.

*See* Doc. 108 (emphasis in original).

In response to the above Order, Plaintiffs filed the TAC on June 8, 2010.  Doc. 109.

6.      As recently as June 21, 2010, and with respect to PRIAC specifically, the Court stated the following:

> "Set/Reset Deadlines: Prudential Retirement Insurance and Annuity Company answer due 7/6/2010." (emphasis added).

7.      Nevertheless, and in an effort to resolve this issue, Plaintiffs' counsel did communicate with PRIAC's counsel stating that given the Court recognized holiday of July 5,

2010, Plaintiffs consented to PRIAC having an additional seven (7) days up to and including July 13, 2010, in which to file its Answer. *See* email correspondence from Plaintiffs' counsel to PRIAC attached hereto as Exhibit 1. In its Motion, PRIAC failed to mention this accommodation offered by Plaintiffs. PRIAC refused this accommodation.

8. Given all the above, PRIAC's request for an additional 30 days in addition to the almost 60 days in which it has had to formulate an answer to the TAC is only meant to unnecessarily delay these proceedings. Although Plaintiffs recognize that absent an Order from this Court, PRIAC's response to the TAC is due July 6, 2010, Plaintiffs submit that if the Court does alter this Order, an additional seven days up to and including July 13, 2010, is a reasonable amount of time for PRIAC to file its answer.

WHEREFORE, Plaintiffs respectfully request that this Court deny PRIAC's Motion and for such further relief as this Court deems proper.

Respectfully submitted,

By: /s/ Troy A. Doles
Jerome J. Schlichter, 02488116
Troy A. Doles, 06242803
Heather Lea, 06276614
SCHLICHTER, BOGARD & DENTON
120 West Main St., Suite 208
Belleville, Illinois 62220
and
100 S. Fourth St., Suite 900
St. Louis, Missouri 63102
Tel:   314-621-6115
Fax:   314-621-7151
Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

    I hereby certify that on July 6, 2010, I filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

*Counsel for CIGNA Defendants*

Sari M. Alamuddin
Joseph J. Costello
Azeez Hayne
James E. Bayles, Jr.
MORGAN LEWIS & BOCKIUS, LLP

*Counsel for PRIAC*

Robert N. Eccles
Brian Boyle
O'MELVENY & MEYERS LLP

John Grossbart
Geoffrey J. Repo
SONNENSCHEIN NATH & ROSENTHAL LLP

                                         /s/ Troy A. Doles