UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

KIM NOLTE, ET AL.,

    PLAINTIFFS,

VS.                                                      07-2046

CIGNA CORPORATION, ET AL.

    DEFENDANTS.

<u>MEMORANDUM TO ALL COUNSEL</u>

    The court has been considering the questions raised in the plaintiffs' pending motions to compel discovery and the defendants' resistance to compulsion and wishes to share the following thoughts with counsel.

    This is a case arising under the provisions of the Employee Retirement Income Security Act,  29 U.S.C. §001 *et seq.* (ERISA).  The plaintiffs in the case are participants in voluntarily established pension fund plans in which they have made capital investments and in which they hold vested interests.  The defendants are the Cigna Corporation and its affiliates and subsidiaries that administer the plans.

    The case is presently bogged down in disputes about the discoverability of  information in the possession of the defendants.  The defendants have declined to turn over certain documents to the plaintiffs that the defendants claim are protected by the attorney-client privilege.

The plaintiffs' principal claim in the case (crystalized for brevity) is that the defendants have violated their fiduciary obligations to the plaintiffs in the administration of the plans by misappropriating the plan funds to invest in ventures controlled by the defendants that generated profits for the defendants without regard to the interests of the plaintiffs and permitted the ventures to charge inappropriate fees for services to the plan all to the damage of the plaintiffs' vested interests in the plans' funds. Simply stated in trust law language, the plaintiffs claim the plans' trustees misused the trust corpus for the benefit of the trustees and not for that of the beneficiaries.

Were the defendants acting in their capacities as fiduciaries when they received the questioned communications from their attorneys? If the defendants were, then the attorney-client privilege is not available to them. 29 U.S.C. §1002(21)(A). If the defendants were not acting as fiduciaries when they received the questioned communications, then they can claim the privilege.

*King v. National Human Resource Committee, Inc.,* 218 F.3d 719 (7th Cir. 2000) teaches us that:

> It is clear that a person can be a fiduciary for some purposes and not for others. (citing cases) It is also clear that the defined functions of a fiduciary do not include plan design, the amendment of the plan, or the termination of the plan. (citing cases). *King* at 723.

However, it is noteworthy, that the two Supreme Court decisions cited in support of that observation, *Lockheed* and *Hughes,* each concerned benefit plans funded by employers who retained certain control functions over the plans that did not make them fiduciaries of the plan beneficiaries. According to the plaintiffs' allegations, we are dealing here with a "defined contribution plan" "consisting of a unitary

trust corpus" in which the plan participants have vested interests, not the defendants.

*King* goes on to observe that:

> ERISA provides at 29 U.S.C. §1002(21)(A) that: [A] person is a fiduciary with respect to a plan to the extent (I) he exercises any discretionary authority or discretionary control respecting management or disposition of its assets, (ii) he renders investment advise for a fee or other compensation, direct or indirect, with respect to any money or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. *King* at 724.

So the court must decide which hats the defendants were wearing, or think they were wearing, at the time of the questioned communication from their lawyers.  If we are dealing with a pension plan created with voluntary contributions creating vested interests in the plan participants, as the court clearly infers from the pleadings,  then the court struggles to see how the defendants do not fit squarely into the ERISA definition of a fiduciary.

> [A] person is a fiduciary with respect to a plan to the extent (I) he exercises any discretionary authority or discretionary control respecting management or disposition of its assets. 29 U.S.C. §1002(21)(A).

The court will set the case for telephone conference in the near future and at that time expect counsel to be prepared to discuss the

foregoing memorandum with the court and point out flaws, if they can, in the court's logic.

I apologize for the delay in this matter, but as I told you in the last telephone conference, I was going on vacation and I only returned to work over the July 4th weekend. Hence, my tardiness.

Enter this 7th day of July 2010.

**\s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge