IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KIM NOLTE, et al.<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CIGNA CORPORATION, et al.<br><br>　　　　　　　　　Defendants. | No. 2:07-cv-02046-HAB-DGB<br><br>Judge Harold A. Baker<br><br>Magistrate Judge David G. Bernthal |

### CIGNA DEFENDANTS' MOTION TO CLARIFY THE AUGUST 5, 2010 ORDER

Defendants CIGNA Corporation, Corporate Benefit Plan Committee of CIGNA, Connecticut General Life Insurance Company, TimesSquare Capital Management, Inc., CIGNA Investments, Inc., and John Arko (collectively "CIGNA Defendants") hereby move the Court for an order clarifying the procedure to be used to decide disputed claims of privilege in this case. Specifically, CIGNA Defendants request that the Court order that Plaintiffs may not use the privileged material for any purpose other than assessing and, possibly, challenging the assertion of privilege until the Court has adjudicated the privilege dispute. In support of this Motion, CIGNA Defendants rely on the accompanying Memorandum of Law. CIGNA Defendants hereby certify that their counsel has in good faith conferred with counsel for Plaintiffs and Defendant Prudential Retirement Insurance and Annuity Company in an effort to resolve their dispute without Court action.

August 17, 2010　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　CIGNA CORPORATION, JOHN ARKO, THE
　　　　　　　　　　　　　　　　　CORPORATE BENEFIT PLAN COMMITTEE OF
　　　　　　　　　　　　　　　　　CIGNA, CONNECTICUT GENERAL LIFE INSURANCE
　　　　　　　　　　　　　　　　　COMPANY, and TIMESSQUARE CAPITAL
　　　　　　　　　　　　　　　　　MANAGEMENT, INC.

By:   s/ Azeez Hayne

Sari M. Alamuddin (ARDC # 06215689)
James E. Bayles, Jr. (ARDC # 06206547)
Kirsten A. Milton (ARDC # 06286124)
Attorneys for Defendants
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois  60601
Telephone: (312) 324-1000
Facsimile:  (312) 324-1001
Email: salamuddin@morganlewis.com
         jbayles@morganlewis.com
         kmilton@morganlewis.com

Joseph J. Costello (PA Bar # 44327)
Azeez Hayne (PA Bar # 88356)
Attorney for Defendant
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 963-5000
Fax: (215) 963-5001
Email: jcostello@morganlewis.com
         ahayne@morganlewis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KIM NOLTE, et al.<br><br>         Plaintiffs,<br><br>v.<br><br>CIGNA CORPORATION, et al.<br><br>         Defendants. | No. 2:07-cv-02046-HAB-DGB<br><br>Judge Harold A. Baker<br><br>Magistrate Judge David G. Bernthal |

**MEMORANDUM OF LAW IN SUPPORT OF CIGNA DEFENDANTS' MOTION TO CLARIFY THE AUGUST 5, 2010 ORDER**

**I. INTRODUCTION**

On August 5, 2010, the Court adopted a discovery protocol that would categorically require CIGNA Defendants to produce to Plaintiffs all responsive privileged documents *before* the Court resolves the privilege question.[1] (Dkt. 134.) Discussions among counsel regarding compliance with this order have revealed that Plaintiffs seek to expand the August 5 Order further to unreasonable and unsupported levels. For example, Plaintiffs first took the indefensible position that they were entitled to discovery of documents reflecting litigation strategy in *Amara v. CIGNA Corp.*,[2] a case involving the amendment of CIGNA's defined benefit plan ("DB plan").[3] Though Plaintiffs have since retracted this position,[4] they continue to

---

[1] CIGNA Defendants continue to believe that the August 5 Order is unprecedented and does not adequately protect their privileged material. CIGNA Defendants now ask the Court to adopt procedures that will minimize the unfair prejudice that CIGNA Defendants will suffer as a result of the forced disclosure of their privileged documents to Plaintiffs. CIGNA Defendants stand ready to produce the documents they have identified as privileged on their log promptly after the Court decides this motion for clarification.

[2] *Cert. granted*, 130 S.Ct. 3500 (U.S. June 28, 2010) (No. 09-804).

[3] (*See* August 11, 2010 Email from H. Lea to S. Alamuddin, attached as Ex. 1.)

[4] (*See* August 13, 2010 Email from T. Doles to S. Alamuddin, attached as Ex. 2.)

insist that they should have unrestricted use of their opponents' privileged materials until trial. At that point, and only at that point, they contend the Court should resolve disputed claims of privilege by way of a motion *in limine*. In other words, Plaintiffs argue that they should be allowed to use in depositions, dispositive motion practice, and pre-trial proceedings even those documents they ultimately will *concede* are privileged. This procedure would further eviscerate CIGNA Defendants' attorney-client privilege, runs afoul of the Federal Rules of Civil Procedure, and is unworkable in any event. CIGNA Defendants request that the Court reject Plaintiffs' position and adopt the procedure described in detail below, which would preclude Plaintiffs from using the privileged material until the Court resolves the disputed claims of privilege.

## II.    ARGUMENT

**The Court Should Preclude Plaintiffs From Using The Privileged Documents For Any Purpose Other Than Challenging CIGNA Defendants' Claims Of Privilege Until The Court Resolves The Privilege Dispute.**

Plaintiffs' demand that they be allowed unrestricted use of the privileged documents until trial is unprecedented, inappropriate, and entirely unworkable. Plaintiffs' position is inconsistent with the Federal Rules of Civil Procedure and all principles on which the attorney-client privilege is based. It would create an impossible burden on the Court, which would have to sift through testimony to determine whether the testimony was obtained through the use of documents later found to be privileged. The end result would magnify exponentially the number of privilege disputes in this case. Thus, CIGNA Defendants request that the Court clarify the August 5 Order as detailed below by ordering that Plaintiffs may not use the privileged documents until the Court resolves the parties' privilege dispute.

The Court should reject Plaintiffs' position because it cannot be reconciled with the protective treatment afforded assertions of privilege under the Federal Rules of Civil Procedure. For example, Rule 26(b)(5) requires a party who has received inadvertently produced privileged

documents to "promptly return, sequester, or destroy" those documents and mandates that the receiving party "must not use or disclose the information until the claim [of privilege] is resolved." Fed. R. Civ. P. 26(b)(5). The Federal Rules preclude litigants from using such privileged material until the claim is resolved because the producing party can suffer irreparable harm if the receiving party is allowed unrestricted use of the privileged material. *See, e.g., American National Bank & Trust Co. v. Equitable Life Assurance Co. of The U.S.*, 406 F.3d 867, 880 (7th Cir. 2005) ("[Plaintiff] has seen documents it never should have had. We cannot wipe [plaintiff's] collective mind clean of the information it has acquired.").

The same is true here. If Plaintiffs are permitted to make unrestricted use of privileged documents during the 16-month period between now and the scheduled trial in December 2011, they inevitably will formulate theories and strategies in this case based on CIGNA Defendants' confidential legal advice, even if they are ultimately forced to return the documents. Nothing can unring the bell once Plaintiffs have had access to such documents.[5] Given the strictures of Rule 26(b)(5), Plaintiffs should not be permitted to make use of the privileged material in this litigation until the underlying privilege dispute is resolved. *See Cmty. Bank v. Progressive Casualty Ins. Co.*, No. 08-cv-1443, 2010 WL 1435368 at *4 (S.D. Ind. April 8, 2010) *reconsidered in part* 2010 WL 2484306 (S.D. Ind. June 14, 2010) (sanctioning party for use of inadvertently produced material before claim of privilege was resolved); *Fuller v. Interview, Inc.*, No. 07 Civ. 5728, 2009 WL 3241542 at *2 (S.D.N.Y. Sep. 30, 2009) (noting that plaintiff violated Rule 26(b)(5) by using inadvertently produced privileged document and ordering that plaintiff could make no further use of the material); *Cars R U.S. Sales & Rentals, Inc. v. Ford*

---

[5]  For that reason, CIGNA Defendants also support Prudential's request that the Court order Plaintiffs to designate a lawyer or lawyers – separate from the legal team responsible for litigating this case – to review documents that the defendants claim are privileged, and to handle the presentation of any challenges to the privilege claims before this Court.

3

*Motor Co.*, No. 08 C 50270, 2009 WL 1703123 at *1 (N.D. Ill. June 18, 2009) (noting that court could disqualify counsel for violating Rule 26(b)(5) by disclosing inadvertently produced privileged material)

Plaintiffs endorsed this principle themselves earlier in this litigation. At the beginning of discovery, before they knew they would have access to CIGNA Defendants' privileged material, Plaintiffs *themselves* advocated a procedure whereby inadvertently produced privileged material must be sequestered and not used until a privilege determination has been made. (*See* Plaintiffs' March 2, 2010 Draft Protective Order, attached as Ex. 3, at ¶ 20 (requiring receiving party to return or sequester inadvertently produced documents "as set forth in Fed. R. Civ. P. 26").) This is also the process that the Court adopted in the Interim Protective Order upon the parties' *joint* motion. (Dkts. 68, 69 at ¶ 20.) Thus, it was only after Plaintiffs determined that they had more to gain than to lose that they abandoned their support for Rule 26's procedures (without explanation) to argue that they should be allowed to use CIGNA Defendants' privileged material up to the point of trial.

Plaintiffs' position is also inconsistent with Federal Rule of Civil Procedure 30(c)(2). That Rule expressly permits an attorney to instruct a deponent not to answer a question that might elicit testimony that is protected from disclosure by the attorney-client privilege. Fed. R. Civ. P. 30(c)(2). Plaintiffs' procedure would necessarily require the Court to suspend Rule 30(c)(2) in this case, for Plaintiffs assert they should be allowed unrestricted use of the privileged material in depositions. There is no basis whatsoever for departing from Rule 30(c)(2), which, like Rule 26(b)(5), is designed to protect a party from the irreparable harm it could suffer if its opponent is allowed to use its privileged material.

Having determined that their "peak behind the curtain" to review privileged documents is

4

too valuable to relinquish, Plaintiffs assert that they will accept the risk that certain testimony will later be excluded. But that misses the point entirely. The problem is not that Plaintiffs' proposed process creates risk for *Plaintiffs*, but rather that their process would trample CIGNA Defendants attorney-client privilege. Plaintiffs' ability to look at defendants' privileged documents is unprecedented, but for Plaintiffs to then insist that they can use these documents for *any* purpose up to the point of trial is abusive. Moreover, it imposes an unworkable process on the *Court*. Allowing Plaintiffs to use privileged documents in the course of discovery, only to decide later whether they should have been allowed to do so, will create an evidentiary morass. For example, suppose Plaintiffs use a document during a deposition that is later determined to be privileged. How much of the deposition must be excluded as evidence? Plaintiffs' proposed procedure would dramatically complicate rulings on dispositive motions, because the Court would be faced with the burden of parsing which portions of a deposition should be excluded from consideration as part of the summary record judgment. Determining what portion of the testimony was derived from the inappropriate usage and should be excluded would foist an impossible burden on the Court.

For the above reasons, Defendants request that the Court clarify its August 5, 2010 Order by adopting procedures governing the disclosure of privileged documents to Plaintiffs and the subsequent adjudication of disputed claims of privilege that would require that:

1) the producing party must make available to the requesting party any responsive material over which it intends to assert a claim of privilege and mark such material "PRIVILEGED & CONFIDENTIAL – PRODUCED SUBJECT TO AUGUST 5, 2010 COURT ORDER, NO. 02-CV-2046, DKT. #134".

2) the requesting party "must not use or disclose the information until the claim [of privilege] is resolved." Fed. R. Civ. P. 26(b)(5).

3) within 14 days after the documents are made available for inspection, the receiving party must identify in writing all documents as to which it is challenging the designation of privilege, documents not challenged no longer need be made available to the receiving

party, and the producing and receiving parties must meet and confer with respect to any disputed documents within 7 days after the requesting party challenges the documents;

4) if the parties are unable to resolve the dispute, the receiving party must file a motion to determine the privileged status of the documents within 14 days after the meet and confer. The producing party must file a response to the motion within 14 days and the Court will schedule a hearing on the matter; and

5) documents found not to be privileged may be used without limitation in the case. Any documents found to be privileged no longer need be made available to the receiving party and cannot be used in the litigation for any purpose.

This procedure will ensure a prompt adjudication of the privilege issue and will not prejudice any party. It also provides a mechanism to limit the number of disputes presented to the Court, and follows standard practice in which the requesting party must file a motion to compel in order to challenge a claim of privilege. In addition, while the August 5 Order did not address the process for ultimately adjudicating privilege disputes, CIGNA Defendants' suggested process is in keeping with the Court's pronounecment that CIGNA Defendants would "have all of the right to claim at the trial that – *or any other connection* that these are privileged documents and can[not] be introduced against your clients." (May 20, 2010 Hearing Transcript at 16-17 (emphasis added).) Finally, in contrast to Plaintiffs' position, CIGNA Defendants' proposal is consistent with the Federal Rules, which mandate that a party receiving inadvertently produced privileged material "must not use or disclose the information until the claim [of privilege] is resolved" and allow attorneys to instruct deponents not to answer questions when necessary to preserve the privilege. Fed. R. Civ. P. 26(b)(5), 30(c)(2).

In short, Plaintiffs' suggestion that they may use any privileged document up to the time of trial is without precedent, extremely prejudicial to the CIGNA Defendants, and would create enormously complicated evidentiary issues for the Court, which would be forced to decide what testimony was obtained through documents that are ultimately deemed privileged.

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court enter an order adopting the procedures described above to decide disputed claims of procedure after the disputed material is produced to Plaintiffs.

August 17, 2010                    Respectfully submitted,

CIGNA CORPORATION, JOHN ARKO, THE CORPORATE BENEFIT PLAN COMMITTEE OF CIGNA, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, and TIMESSQUARE CAPITAL MANAGEMENT, INC.


By: s/ Azeez Hayne

Sari M. Alamuddin (ARDC # 06215689)
James E. Bayles, Jr. (ARDC # 06206547)
Kirsten A. Milton (ARDC # 06286124)
Attorneys for Defendants
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois  60601
Telephone: (312) 324-1000
Facsimile:  (312) 324-1001
Email: salamuddin@morganlewis.com
         jbayles@morganlewis.com
         kmilton@morganlewis.com

Joseph J. Costello (PA Bar # 44327)
Azeez Hayne (PA Bar # 88356)
Attorney for Defendant
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 963-5000
Fax: (215) 963-5001
Email: jcostello@morganlewis.com
         ahayne@morganlewis.com

**CERTIFICATE OF SERVICE**

  I, Azeez Hayne, an attorney, hereby certify that, on August 17, 2010, I electronically filed the foregoing **CIGNA Defendants' Motion to Clarify the August 5, 2010 Order** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Jerome J. Schlichter (jschlichter@uselaws.com)
    Nelson G. Wolff (nwolff@uselaws.com)
    Jason P. Kelly (jkelly@uselaws.com)
    Troy A. Doles (tdoles@uselaws.com)
    Kurt Struckhoff (kstruckhoff@uselaws.com)
    Heather Lea (hlea@uselaws.com)
    Mark G. Boyko (mboyko@uselaws.com)
    Sean E. Soyars (ssoyars@uselaws.com)
    SCHLICHTER, BOGARD & DENTON
    100 South 4th Street, Suite 900
    St. Louis, Missouri  63102


    s/ Azeez Hayne

    Sari M. Alamuddin (ARDC No. 06215689)
    James E. Bayles, Jr. (ARDC No. 06206547)
    Kirsten A. Milton (ARDC No. 06286124)
    MORGAN, LEWIS & BOCKIUS LLP
    77 West Wacker Drive, Fifth Floor
    Chicago, Illinois  60601
    Telephone: (312) 324-1000
    Facsimile:  (312) 324-1001
    E-mail: salamuddin@morganlewis.com
       jbayles@morganlewis.com
       kmilton@morganlewis.com

    Joseph J. Costello (PA Bar No. 44327)
    Azeez Hayne (PA Bar No. 88356)
    MORGAN, LEWIS & BOCKIUS LLP
    1701 Market Street
    Philadelphia, Pennsylvania  19103
    Telephone: (215) 963-5000
    Facsimile:  (215) 963-5001
    E-mail:  jcostello@morganlewis.com
       ahayne@morganlewis.com