E-FILED
Friday, 21 June, 2013  01:04:10 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KIM NOLTE, *et al.*,<br><br>      Plaintiffs,<br>v.<br><br>CIGNA CORPORATION, *et al.*,<br><br>      Defendants. | Cause No:  2:07-CV-02046-HAB-DGB |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

The Parties respectfully file this Motion under Rule 23(e) of the Federal Rules of Civil Procedure for preliminary approval of a Class Settlement.

    1.    This litigation, which was commenced on February 26, 2007, alleges, among other things, that the fiduciaries responsible for overseeing the plan breached their duties under Employee Retirement Income Security Act of 1974 (ERISA) by paying excessive fees to themselves, causing the Plan to engage in prohibited transactions, and receiving improper benefits from the Plan as a result of CIGNA's sale of its retirement business to Prudential.

    2.    On June 17, 2013, after weeks of arm's-length negotiation, the Parties entered into a Settlement Agreement and request that the Court preliminarily approve the Settlement Agreement that is attached hereto as Exhibit A.

    3.    The Settlement Class is defined as:

All persons who, at any time between April 1, 1999 and May 31, 2013, inclusive, had an account in the Cigna 401(k) Plan, as well as their beneficiaries, alternative payees or attorneys-in-fact who are or become entitled to any portion of such an account; provided, however, that the Class shall not include; (a) any Defendant, or member of the Investment Committee or the Administrative Committee between

April 1, 1999, and May 31, 2013, and as to each person within the scope of clause (a), his/her immediate family members, beneficiaries, alternate payees or attorneys-in-fact.

4. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case and preliminary approval of the Settlement is in the best interests of the Class Members. In return for a release of the Class Representatives' and Class Members' claims, Defendants have agreed to:

(a) Pay a sum of $35,000,000 into a Gross Settlement Fund; and
(b) Institute Affirmative Relief as described in the Settlement Agreement (attached hereto as Exhibit A).

5. The purpose of preliminary approval is merely to determine whether the proposed settlement is "within the range of possible approval." *Gautreaux v. Pierce,* 690 F.2d 616, 621 n.3 (7th Cir. 1982). The preliminary approval hearing is not a fairness hearing. *Id.*

6. The Settlement reached between the Parties here more than satisfies this standard and is clearly "within the range of possible approval" by the Court given the significant nature of the case and the result reached by the Plaintiffs. Preliminary approval will not foreclose interested persons from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

7. Plaintiffs also submit to the Court a Memorandum in Support of this Joint Motion for Preliminary Approval, as well the Declaration of Class Counsel. Defendants are not submitting a Memorandum in Support of the Joint Motion.

WHEREFORE, the Parties request the following:

- That the Court hold a preliminary approval hearing to review the Settlement Agreement and to receive argument from Counsel regarding the adequacy of the Settlement;

- That following the preliminary approval hearing, the Court enters an Order granting its preliminary approval of the Settlement Agreement in the form attached as Exhibit A;

- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, and order such objections, if any, be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice;

- That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Parties' Settlement Agreement; and

- That following the Fairness Hearing, the Court enter an Order granting final approval of the Parties' Settlement and dismissing the Complaints in this Litigation with prejudice.

| | |
|---|---|
| By:    s/ Jerome J. Schlichter<br>Jerome J. Schlichter, 02488116<br>Troy A. Doles, 6242803<br>Heather Lea, 6276614<br>Mark G. Boyko<br>Kurt Struckhoff,<br>SCHLICHTER BOGARD & DENTON<br>100 S. Fourth Street, Suite 900<br>St. Louis, MO 63102<br>(314) 621-6115<br>(314) 621-7151 (Fax) | By:   s/ Azeez Hayne (by consent)<br>Azeez Hayne<br>Joseph J. Costello<br>James E. Bayles, Jr.<br>Jeremy Blumenfeld<br>MORGAN LEWIS & BOCKIUS, LLP<br>1701 Market Street<br>Philadelphia, PA  19103<br>(215) 963-5000<br>(215) 963-5001 (Fax) |

By:  s/ Brian Boyle (by consent)
Brian Boyle
Shannon Barrett
Christopher Catalano
Amy Longo
O'MELVENY & MEYERS LLP
1625 Eye Street, N.W.
Washington, DC  20006
(202) 383-5300

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2013, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

                                                             /s/ Jerome J. Schlichter