## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| KIM NOLTE et al.,        ) | |
|       Plaintiffs,   ) | |
| v.              ) | No: 2:07-cv-2046-HAB-DGB |
| CIGNA CORPORATION et al.,   ) | |
|       Defendants.   ) | |

**ORDER REGARDING PLAINTIFFS' APPLICATION FOR ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES**

THIS MATTER is before the Court in connection with Plaintiffs' Application for

Attorneys' Fees and Reimbursement of Expenses and for Case Contribution Awards

for Named Plaintiffs. Doc. 406. In their Application, Class Counsel, the law firm of

Schlichter, Bogard & Denton, requests a court approved fee for its role in obtaining

a settlement of class claims under the Employee Retirement Income Security Act

("ERISA"). The settlement provides a $35 million monetary recovery for the benefit

of as many as 202,000 current and former participants in the Cigna 401(k) Plan, as

well as powerful affirmative relief: market-priced recordkeeping services, state-of-

the-art fee and expense disclosures to participants; and other steps to control

investment expenses.

Class Counsel has asked this Court to approve a fee award of one-third of the

monetary settlement obtained or $11,666,667. Class Counsel has also asked this

Court to award it $928,045.87 for outstanding expenses. Additionally, Class

Counsel has requested this Court approve $25,000 incentive awards to each of the

five Named Plaintiffs.

Pursuant to the Settlement Agreement and the Court's Order, Class Counsel mailed individual notices to the Class and created a Class website to provide information to the Class. It is noteworthy that individual notices were mailed to 202,459 potential Class Members, yet only one objected to Class Counsel's request for fees and costs, and that objection was a one sentence objection made before Class Counsel filed their Application. This Court finds the lack of any meaningful number of objections to be an unmistakable sign of the Class's overwhelming support for the Class Counsel's Application.

Based upon this Court's observation of Class Counsel's zealous and persistent representation of the Class, its recognition of Plaintiffs' challenging legal issues, and its review of Class Counsel's Application, Class Counsel's Application is GRANTED. This Order explains this Court's conclusion that Class Counsel's fee and cost request is reasonable and merited.

## I.  FINDINGS AND CONCLUSIONS

### A.  Class Counsel's Request for Attorneys' Fees

Under the "common-fund" doctrine, a class counsel is entitled to a reasonable fee drawn from the commonly held fund created by a settlement for the benefit of the class. *See, e.g.*, *Boeing Co. v. VanGemert*, 444 U.S. 472, 478 (1980). Additionally, the United States Court of Appeals for the Seventh Circuit has found that attorneys' fees based on the common fund doctrine are appropriate in ERISA cases. *See Florin v. Nationsbank*, 34 F.3d 560, 563 (7th Cir. 1994). A court must also consider the substantial affirmative relief when evaluating the overall benefit to the class. *See* Manual for Complex Litigation, Fourth, § 21.71, at 337 (2004); Principles

2

of the Law of Aggregate Litigation, § 3.13; *cf. Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (cautioning against an "undesirable emphasis" on monetary "damages" that might "shortchange efforts to seek effective injunctive or declaratory relief"). Therefore, this Court acknowledges the importance of taking the affirmative relief into account, in addition to the monetary relief, so as to encourage attorneys to obtain effective affirmative relief. The affirmative relief will add tremendous material value to the Cigna 401(k) Plan, and will benefit the class as well as future Plan participants year after year into the future.

While not necessary for the Court's determination that Class Counsel's requested fee is reasonable, the Court notes that Class Counsel's enforcement of ERISA's fiduciary obligation has contributed to rapid reductions in the level of 401(k) recordkeeping fees paid across the country. The law firm Schlichter, Bogard & Denton is the leader in 401(k) fee litigation. One independent investment advisory company, NEPC, has found the 401(k) recordkeeping fees have dropped $38 per account per year since Class Counsel filed their first 401(k) fee cases in 2006. Ross Bremen & Dan Beaton, Defined Contribution Plan Fees Continue To Decline: 2013 NEPC Plan & Fee Study. They attribute the fee reductions to improved fee disclosure requirements from the Department of Labor and attention brought by 401(k) fee litigation. The Department of Labor reports an estimated 73 million accounts in the United States. Fiduciary Requirements for Disclosure in Participant-Directed Individual Account Plans; Final Rule, 75 FR 64910 (Oct. 20, 2010) (to be codified at 29 CFR Part 2550) (Supplemental Information). Accordingly,

the fee reduction attributed to Schlichter, Bogard & Denton's fee litigation and the Department of Labor's fee disclosure regulations approach $2.8 billion in annual savings for American workers and retirees.

In determining whether to grant a fee application in a class action settlement, the Seventh Circuit Court of Appeals requires the Court to determine whether a requested fee is within the range of fees that would have been agreed to at the outset of the litigation in an arm's length negotiation given the risk of nonpayment and the normal rate of compensation in the market at the time. *See In re Synthroid Marketing Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). In common fund cases, "the measure of what is reasonable [as an attorney fee] is what an attorney would receive from a paying client in a similar case." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000). "It is not the function of the judge in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by the court." *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992). This requires the district judge to "ascertain the appropriate rate for cases of similar difficulty and risk, and of similarly limited potential recovery." *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986).

When determining a reasonable fee, the Seventh Circuit Court of Appeals uses the percentage basis rather than a lodestar or other basis. *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998); *Florin*, 34 F.3d at 566. "[T]he normal rate of compensation in the market [is] 33.33% of the common fund recovered" because the

class action market commands contingency fee agreements and the class counsel

accepts a substantial risk of nonpayment. *In re Ready-Mixed Concrete Antitrust

Litig.*, No. 1:05:CV-00979 (S.D. Ind.), Doc. 732, at 14. A one-third fee is consistent

both with the market rate in settlements concerning this particularly complex area

of law. *Martin v. Caterpillar,* 2010 U.S.Dist. LEXIS 145111 (C.D. Ill. Sept. 10,

2010)(J. McDade) (approving a one-third fee in an ERISA 401(k) fee class action

with the same Class Counsel); *George v. Kraft Foods Global, Inc.,* 2012 U.S.Dist.

LEXIS 166816 (N.D.Ill. June 26, 2012)(same); *Will v. General Dynamics Corp.*, 2010

U.S.Dist. LEXIS 123349, *9 (S.D.Ill. Nov. 22, 2010) (finding that in ERISA 401(k)

fee litigation, "a one-third fee is consistent with the market rate").

As the preeminent firm in 401(k) fee litigation, Schlichter, Bogard & Denton has

achieved unparalleled results on behalf of its clients. No other firm has invested

such massive resources and persevered in the face of the enormous risks of

representing employees and retirees in this area. Class Counsel's fee request is

more than justified in this case given the extraordinary risk counsel accepted in

agreeing to represent the Class, Class Counsel's demonstrated willingness to

pursue this action over six years of intense, adversarial litigation, and the enormous

value of the plan improvements and future relief included in this settlement.

Simply litigating this case required Class Counsel to be of the highest caliber —

and to obtain this historic result required extraordinary skill and determination.

Jerome Schlichter and Schlichter, Bogard & Denton's work throughout this

litigation stands as yet another example of the firm's acting as a private attorney

general, risking breathtaking amounts of time and money while overcoming many obstacles for the benefit of employees and retirees. At the time the Plaintiffs retained Class Counsel, no other firm was willing to accept such a daunting challenge on this case at _any_ rate, and virtually no cases had even been filed against large 401(k) plan sponsors involving claims of excessive fees and prohibited transactions under ERISA. Class Counsel performed substantial work for over a year before filing suit, including investing hundreds of hours of attorney time, investigating, speaking with Plan Participants, obtaining documents from public sources and the Plan administrator, reviewing and analyzing Plan documents and financial statements, developing expertise regarding industry practices, conducting extensive legal research and fashioning the Class's causes of action.

After filing this case on February 26, 2007, Class Counsel has been committed to the interests of the participants and beneficiaries of the Cigna 401(k) Plan. Class Counsel has devoted substantial costs and attorney time to pursuing this case and several other 401(k) fee cases of first impression. Mr. Schlichter and the Schlichter, Bogard & Denton firm's actions have led to dramatic changes in the 401(k) industry, which have benefited employees and retirees throughout the country by bringing sweeping changes to fiduciary practices. In the case of this Class, the tireless efforts of Schlichter, Bogard & Denton have brought about a historic monetary recovery — the largest in U.S. history for a case of this kind. These efforts have also brought about  important reforms to the Cigna 401(k) Plan. Current and future Plan Participants will benefit from the affirmative relief for years to come.

6

Accordingly, this Court finds that the market for plaintiffs' attorney work in this case, and similar cases, is a contingent fee market and not an hourly market. Based on the remarkable monetary recovery and affirmative relief, Class Counsel's fee application is undoubtedly reasonable. This Court finds that Schlichter, Bogard & Denton has provided an enormous benefit to the Cigna employees and retirees Class, while undertaking a great financial risk in the event of an adverse decision on the merits.

The use of a lodestar cross-check has fallen into disfavor. *See In re Synthroid Marketing Litig.*, 325 F.3d at 979–80 (7th Cir. 2003) ("The client cares about the outcome alone" and class counsel's efficiency should not be used "to reduce class counsel's percentage of the fund that their work produced."); *Schmulte v. Fifth Third Bank*, 805 F.Supp.2d 560, 598 n.27 (N.D.Ill. 2011) (J. Dow) (recognizing irrelevance of lodestar cross-check while nevertheless approving fee request with lodestar risk multiplier of 2.5); *Will*, 2010 U.S.Dist. LEXIS 123349, *10 ("The use of a lodestar cross-check in a common fund case is unnecessary, arbitrary, and potentially counterproductive."). Nevertheless, this Court finds that Class Counsel spent in excess of 33,000 attorney hours and over 3,000 hours of non-attorney professional time litigating this case.[1]

Additionally, few lawyers or law firms are capable of handling, much less willing to handle, this type of national litigation. None have the proven record of

---

[1] The Court may rely on summaries submitted by attorneys and need not review actual billing records. *Will,* 2010 U.S.Dist. LEXIS 123349, *11 (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306–07 (3d Cir. 2005)).

Schlichter, Bogard & Denton, and none have had the degree of success Schlichter, Bogard & Denton achieved in their representation of the Class. Class Counsel's fee request is a fraction of the unenhanced value of Class Counsel's work based on lodestar rates which were found reasonable for Class Counsel's efforts in related cases going back to 2009, including cases in which Counsel's fee request was actively opposed. *See, e.g.*, Motion for Attorneys' Fees and Costs, *Eshelman v. Client Services, Inc.*, No 0822-CC-00763 (22d Cir. Mo. Dec. 7, 2009); *Tussey v. ABB, Inc.*, 2012 US. Dist. LEXIS 157428 (W.D.Mo. Nov. 2, 2012) (Laughrey, J.). In fact, Courts in the Northern District of Illinois, Southern District of Illinois, and Central District of Illinois have all approved Class Counsel's hourly rate in similar litigation. Opinion and Order on Motion of Class Counsel for Fees, Expenses, and Award to Named Plaintiffs at 8, *Martin v. Caterpillar Inc.*, Case 07-1009, Doc. 197 (C.D. Ill. Sept. 10, 2010); *Will*, 2010 WL 4818174; and Order Regarding Plaintiffs' Application for Attorneys' Fees and Reimbursement of Expenses, *George v. Kraft Foods Global, Inc.*, 2012 U.S.Dist. LEXIS 166816 (N.D.Ill. June 26, 2012). The Court finds that the market for legal services in cases such as this is a national one, and that a Class Counsel's proposed blended rate of $514.60, approved in 2009,[2] is reasonable and consistent with market rates at that time and could be enhanced to today's rates.

Even at the 2009 rates, an unenhanced lodestar would result in a fee far in excess of what Class Counsel have requested here. Accordingly, while this Court

---

[2] Because this Court relies on lodestar as only a cross-check and because Class Counsel's 2009 rates are sufficient to satisfy that cross-check, the Court has not converted those rates to the present-day, although Class Counsel is entitled to the benefit of today's rates where fee requests require hourly rates to be used. *Perdue v. Kenney A. ex rel Winn*, 559 U.S. 542, 556 (2010).

does not believe a lodestar cross-check is necessary, or even particularly helpful, Class Counsel's fee request easily withstands such analysis.

This Court further finds that the Class Counsel's reimbursement expenses request was reasonable and necessary. It is well established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses, which includes such things as expert witness costs; computerized research; court reports; travel expense; copy, phone and facsimile expenses and mediation. Fed.R.Civ.P. 23; *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980). Class Counsel had a strong incentive to keep expenses at a reasonable level due to the high risk of no recovery when the fee is contingent. Additionally, Class Counsel incurred these expenses over the course of six years. Further, the fact that Class Counsel does not seek interest as compensation for the time value of money or costs associated with advancing these expenses to the Class makes this fee request all the more reasonable.

Finally, Plaintiffs request $25,000 incentive awards to each of the five Named Plaintiffs. "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing Litig.*, 264 F.3d at 722–23. The record suggests that the Named Plaintiffs initiated the action, took on a substantial risk, and remained in contact with Class Counsel. Additionally, the Named Plaintiffs devoted substantial amounts of their own time to benefit the class by responding to document requests, reviewing pleadings, assisting discovery and submitting to lengthy depositions. ERISA litigation against an employee's current

9

or former employer carries unique risks and fortitude, including alienation from employers or peers.

Furthermore, the total award for all five Named Plaintiffs represents just 0.36% of the total Settlement Fund. Awards of $25,000 for a Named Plaintiff award and total Named Plaintiff awards of less than one percent of the fund are well within the ranges that are typically awarded in comparable cases. *See, e.g., Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (upholding award of $25,000 to class representative); *Will*, 2010 U.S.Dist. LEXIS 123349, *12–13 (awarding named Plaintiffs $25,000 each for their contribution to a case concerning allegedly excessive fees in a 401(k) Plan); *Heekin v. Anthem, Inc.*, 2012 U.S.Dist. LEXIS 165464 (S.D. Ind. Nov. 20, 2012); *In re Dun & Bradstreet Credit Services Customer Litig.*, 130 F.R.D. 366, 377 (S.D.Ohio 1990) (awarding $215,000 or 1.19% of the settlement fund to the Named Plaintiffs).

## II.  CONCLUSION

After consideration of Class Counsel's Application, this Court concludes that the requested attorneys' fees and cost reimbursements are fair, reasonable and merited by the Counsel's enormous efforts resulting in relief for the class. But for Class Counsel's determined prosecution of this action, the Cigna 401(k) Plan and its participants would not have obtained any recovery because it is extremely unlikely that they would have found other qualified counsel to assume the burden and risk of pursuing these claims. Schlichter, Bogard & Denton has been singularly successful in its representation of employees and retirees pursuing ERISA fiduciary breach claims against large employers for excessive fees, imprudent investment

options, and the types of breaches at issue in this case. Accordingly, it is **ORDERED** that the requested attorneys' fees of $11,666,667 are **APPROVED**. It is **FURTHER ORDERED** that the requested reimbursement of $928,045.87 in outstanding costs is **APPROVED**. The Settlement Administrator shall pay the combined sum of $12,594,712.87 to the firm of Schlichter, Bogard & Denton out of the Settlement Fund and shall separately pay each of the five Named Plaintiffs the sum of $25,000.

SO ORDERED THIS 15th day of October, 2013.


**s/Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE